UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IVAN COTTON, | Case No. 3:23-cv-00570-LRH-CSD |
| Petitioner, | **ORDER** |
| v. | |
| TIM GARRETT, et al., | |
| Respondents. | |

Petitioner Ivan Cotton submitted a *pro se* 28 U.S.C. § 2254 habeas petition, a motion for appointment of counsel, and motion for leave to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 1-1, 1-2.) This Court finds good cause exists to grant the IFP application. This matter comes before the Court for initial review under the Rules Governing Section 2254 Cases ("Habeas Rules") and for consideration of Cotton's motion for appointment of counsel. For the reasons discussed below, this Court directs service of the petition and grants Cotton's motion for appointment of counsel.

**I.   BACKGROUND**[1]

Cotton challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Ivan Cotton*, Case No. C-16-319763-1. On October 23, 2018, the state court entered a judgment of conviction, following a jury trial, for first-degree murder with the use of a deadly weapon. Cotton was sentenced to life without the possibility of parole. Cotton appealed, and the Nevada Supreme Court affirmed on February 5, 2020. Remittitur issued on March 2, 2020. On March 2, 2021, Cotton transmitted a state petition for writ

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1

of habeas corpus. The state court denied Cotton's state petition on January 13, 2022. Cotton appealed, and the Nevada Court of Appeals affirmed on December 22, 2022. Remittitur issued on January 17, 2023. Cotton, with the help of a fellow inmate, transmitted his instant federal habeas petition on or about November 16, 2023. (ECF No. 1-1 at 1.)

## II.   DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). This Court finds that a response is warranted in the instant case.[2]

This Court now turns to Cotton's motion for the appointment of counsel. (ECF No. 1-2.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a

---

[2] Although it appears that Cotton's petition is likely untimely, Cotton presents potential equitable tolling arguments in his motion for the appointment of counsel, explaining that "[t]he response to an order to show cause [on timeliness] will likely require detailed medical and mental health information, including confidential medical records" that only counsel can obtain.

person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Following review of the petition and the motion for appointment of counsel, the Court will provisionally appoint the Federal Public Defender to represent Cotton. The Court finds that appointment of counsel is in the interests of justice given, among other things, Cotton's life sentence and health issues. Regarding the latter point, Cotton represents that he suffers from paranoid schizophrenia and post-traumatic stress disorder from his military service. (*See* ECF No. 1-2.)

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that the motion for leave to proceed IFP (ECF No. 1) is granted.

**IT IS FURTHER ORDERED** that the clerk (1) file the 28 U.S.C. § 2254 habeas petition (ECF No. 1-1) and the motion for appointment of counsel (ECF No. 1-2), (2) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, (3) electronically serve Respondents' counsel a copy of the petition (ECF No. 1-1), (4) electronically provide Respondents' counsel a copy of this order and copies of all items previously filed in this case by regenerating the Notices of Electronic Filing, (5) electronically serve the Federal Public Defender a copy of this order and the petition (ECF No. 1-1), and (6) send a copy of this order to Cotton and the CJA Coordinator for this division.

**IT IS FURTHER ORDERED** that Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required until further order.

///

**IT IS FURTHER ORDERED** that the motion for appointment of counsel (ECF No. 1-2) is granted. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Cotton by filing a notice of appearance or (2) indicate the office's inability to represent Cotton in these proceedings. If the Federal Public Defender is unable to represent Cotton, the Court will appoint alternate counsel. Appointed counsel will represent Cotton in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

**IT IS FURTHER ORDERED** that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Cotton remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT IS SO ORDERED.

DATED this 20th day of November, 2023.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE